UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FREDERICK JAMES BURNEY, JR.,**

    Petitioner,

v.                                                  Case No.: 8:21-cv-1879-CEH-UAM
                                                        Case No.: 8:18-cr-99-CEH-UAM

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

    Frederick James Burney, Jr., moves under 28 U.S.C. § 2255 to vacate his convictions for conspiracy to commit a Hobbs Act robbery, Hobbs Act robbery, and discharging a firearm during a crime of violence, for which he serves a 360-month sentence. Burney claims that the United States committed prosecutorial misconduct by constructively amending the indictment. He is entitled to no relief because his claim is time-barred. Additionally, Burney seeks to amend his § 2255 motion with additional claims. His proposed claims are similarly time-barred.

**I.    Background**

    In 2018, the United States charged Burney and six codefendants with committing, and conspiring to commit, a series of Hobbs Act robberies throughout the Middle District of Florida. (Crim. Doc. 1) In a Third Superseding Indictment, Burney was charged with 15 counts: one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); seven counts of Hobbs Act robbery, in violation of

18 U.S.C. §§ 1951(a)–(b) and 2; and seven counts of using, carrying, brandishing, or discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.  (Crim. Doc. 273)  On the eve of trial, Burney pleaded guilty under a written plea agreement to conspiracy to commit Hobbs Act robbery (Count One), two counts of Hobbs Act robbery (Counts Eight and Fourteen), and two counts of using, carrying, and discharging a firearm during a crime of violence (Counts Nine and Fifteen). (Crim. Docs. 319 and 322)

Burney qualified as a career offender and faced an advisory guidelines range of 168 to 210 months, followed by consecutive terms of 120 months for the § 924(c) offenses.  (Crim. Doc. 446 at ¶¶ 68, 143–144)  On April 12, 2019, the district court sentenced Burney to a total of 360 months' imprisonment, which consisted of 120 months for Counts One, Eight, and Fifteen to run concurrently, a consecutive 120 months for Count Nine, and a second consecutive 120 months for Count Fifteen. (Crim. Docs. 479 and 484)  Burney filed no appeal.

II. Discussion

On August 2, 2021, Burney initiated this action by filing a motion to vacate under 28 U.S.C. § 2255, citing one ground for relief.  (Civ. Doc. 1)  Construing his motion liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Burney claims that the United States committed prosecutorial misconduct by constructively amending Count Fourteen of the Third Superseding Indictment.  Specifically, he argues that, because the indictment includes the word "attempted," the United States charged him with, and he pleaded guilty to, an *attempted* Hobbs Robbery instead of a *completed* Hobbs Act

2

robbery. (Civ. Doc. 1 at 4) Because he believes he was convicted of a crime not charged in the indictment, Burney urges the district court to dismiss the indictment, withdraw his guilty plea, and vacate his convictions and sentence.

### A. Burney's claim is untimely.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). The one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government al action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 1. § 2255(f)(1)

Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of

appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Although Burney was sentenced on April 12, 2019, his judgment of conviction was entered on the docket on April 15, 2019. (Crim. Doc. 484) The judgment became final 14 days after the judgment was entered on the docket, on April 29, 2019. Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."). Under § 2255(f)(1), Burney had until April 29, 2020, to file his § 2255 motion. Burney did not file his § 2255 motion until August 2, 2021, approximately fifteen months after the filing deadline passed. Consequently, Burney's § 2255 motion is untimely under § 2255(f)(1).[1]

    **2.**    **§ 2255(f)(4)**

When asked to explain why the one-year statute of limitations does not bar his claim, Burney writes, "a constructive amendment to an indictment is an error per se, and given the 5th Amendment right to be indicted by a grand jury, must be corrected on appeal even when not preserved by objection." (Civ. Doc. 1 at 11) And, when asked to explain why he has not previously pursued his claim, Burney writes, "Ground One has not been previously presented because I only became aware of it through the exercise of my due diligence." (Civ. Doc. 1 at 9)

---

[1] Burney does not suggest that a government impediment prevented him from timely filing as required by § 2255(f)(2) or that a right newly recognized by the Supreme Court excuses his untimeliness under § 2255(f)(3).

4

To demonstrate his diligence, Burney points to two motions he filed in his criminal action. (Civ. Doc. 7 at 7) In the first motion, filed July 8, 2020, Burney sought an extension of time to file a motion under § 2255, arguing that he was prevented from filing his § 2255 motion because of extended prison lockdowns that inhibited his access to the law library and legal materials. (Crim. Doc. 579) On August 11, 2020, the district court denied that motion, explaining that "[b]ecause Burney has yet to file a § 2255 motion, this Court presently lacks jurisdiction to extend the one-year statutory deadline for filing a § 2255 motion." (Crim. Doc. 582) Additionally, the district court ruled that his motion "cannot be construed as a substantive § 2255 motion because it does not articulate any grounds for relief." (*Id.*)

In the second motion, filed July 9, 2020, Burney sought appointment of counsel, arguing that he "has grounds for relief under . . . *U.S. v. Chea* and *U.S. v. Davis*." (Crim. Doc. 580) On July 17, 2020, the district court denied the motion without prejudice because Burney "ha[d] not demonstrated that the interests of justice justify the appointment of counsel" and because his motion "suggests that he can litigate his case as well as the average *pro se* litigant." (Crim. Doc. 581)

To determine whether a claim is timely under § 2255(f)(4), the district court inquires whether the petitioner exercised due diligence in discovering the facts underlying his claim. *See Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). "Due diligence does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Moreover, the due diligence inquiry is an individualized one that 'must take into

account the conditions of confinement and the reality of the prison system.'" *Id*. at 712.

Burney fails to show he exercised due diligence in discovering the facts underlying his claim before the expiration of the filing deadline. He could have discovered the facts to support his claim—that because the indictment includes the word "attempted," it was constructively amended such that he pleaded guilty to, and was convicted of, a crime not charged in the indictment—at the time of his plea, when he acknowledged his understanding of the essential elements of the charged offenses as recited by the court. *See Cole v. Warden*, 768 F.3d 1150, 1157 (11th Cir. 2014) (ruling that the defendant "knew or should have known at the time of his plea the . . . rights he claims he discovered in prison from an inmate librarian"). "Time begins when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance*." *Id*. (quotation omitted).

Furthermore, although Burney moved in his criminal action for an extension of the § 2255 filing deadline and for appointment of counsel, he filed both motions in July of 2020, two months *after* the expiration of the filing deadline of April 29, 2020. He fails to explain why he delayed one year after the Court denied his motion for an extension of the § 2255 filing deadline (on August 11, 2020) to initiate this action (on August 2, 2021). "'To show diligence, a petitioner must provide details of the specific actions taken toward filing the petition,' such as . . . 'any independent efforts he made to determine when the relevant limitations period began to run, and how the prison thwarted his efforts.'" *Cerrito v. Sec'y, Dep't of Corr.*, 693 F. App'x 790, 792 (11th Cir.

6

2017) (quoting *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (alterations omitted)); *see also Vahlkamp v. Sec'y, Dep't of Corr.*, No. 21-14052, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022) (explaining that "[the defendant] bore the burden to prove that he . . . independently exercised reasonable diligence"). Burney describes no actions that he took to preserve his rights in the relevant period between the finality of his criminal judgment and the deadline to file his § 2255 motion.

### 3. Equitable Tolling

In his reply, Burney asserts entitlement to equitable tolling of the filing deadline. To toll the limitation period, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "[E]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotations omitted). "The focus of the inquiry regarding extraordinary circumstances is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotations omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Dodd*, 365 F.3d at 1282 (quotations omitted). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Burney argues that COVID-19 pandemic restrictions interfered with his ability to obtain the assistance of "jailhouse lawyers" he needed to pursue his rights. (Civ. Doc. 7 at 8–9) He files a memorandum dated November 16, 2021, and authored by case manager at FCI Coleman where he was incarcerated which states, "Burney has been unable to comply with the court imposed deadline due to circumstances not in his control. This institution has been placed under modified operations due to the COVID-19 epidemic and has delayed his ability to meet the court ordered deadline." (Civ. Doc. 7 at 3) Burney also files a memorandum from the Centers for Disease Control and Prevention, which is dated June 9, 2021. The memorandum discusses the management of the pandemic in correctional and detention facilities. (Civ. Doc. 7 at 19–50)

Burney cannot show that prison restrictions related to the COVID-19 pandemic constituted an extraordinary circumstance that tolls the limitation period. "[The Eleventh Circuit] has recognized that, under its precedent, 'lockdowns and periods in which a prisoner is separated from his legal papers are not extraordinary circumstances in which equitable tolling is appropriate.'" *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) ("Under [Eleventh Circuit] precedents, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.") (quoting *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004)); *see also Driver v. Sec'y, Dept. of Corr.*, No. 23-11689, 2024 WL 2239126, at *1 (11th Cir. Mar. 1, 2024) (affirming the district court's rejection of equitable tolling because "the shutdown of

8

the law library at [the defendant's] prison and his inability to get assistance from law clerks during the COVID-19 pandemic were not extraordinary circumstances warranting equitable tolling") (quotations and alternations omitted); *Starling v. Warden*, No. 22-13849, 2023 WL 7013301, at *1 (11th Cir. May 10, 2023) (concluding that "limited access to the law library due to the COVID-19 pandemic . . . do[es] not qualify as [an] extraordinary circumstance[] to justify equitable tolling").

Burney states that he "did not obtain a high school diploma" and "only obtained his General Equivalency Diploma [on] May 25, 2021." (Civ. Doc. 7 at 9) However, his lack of a formal education does not constitute an extraordinary circumstance that tolls the limitation period. "An extraordinary circumstance exists only if the delay is 'unavoidable even with diligence.'" *Cerrito*, 693 F. App'x 792 (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)) (ruling that the inability to understand English, the inability to read beyond a second-grade level, and the inaccessibility of a bilingual inmate law clerk were not exceptional circumstances under which an untimely filing was unavoidable even with diligence); *Aureoles v. Sec'y, Dep't of Corr.*, 609 F. App'x 623, 624 (11th Cir. 2015) ("[Defendant's] allegations of an inability to understand English and a lack of formal education did not establish extraordinary circumstances that warranted equitable tolling."); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (ruling that the defendant's lack of education did not warrant equitable tolling when he "fail[ed] to set out just what efforts he made to obtain the necessary records or to explain what amount of time lapse is fairly attributable to the state clerk's delay"). Significantly, "pro se litigants, like all others, are deemed to know of the one-year

9

statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Consequently, Burney shows that neither pandemic restrictions nor his lack of a formal education justifies equitable tolling of the statute of limitations.

      **B.**    **Burney's proposed amendments are untimely.**

On September 6, 2022, Burney filed a "First Amended and Expedited Memorandum of Law in Support of Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Civ. Doc. 8) In this filing, Burney repeats his claim in Ground One and purports to state two additional grounds for relief. In a claim labeled "Ground Two," Burney argues his § 924(c) convictions should be vacated because after *United States v. Taylor*, 596 U.S. __, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery is no longer a predicate crime of violence. Additionally, in a claim labeled "Ground Three," Burney claims that because Hobbs Act robbery can be committed with a mens rea of recklessness, the offense cannot serve as a predicate crime of violence, and therefore, his § 924(c) convictions should be vacated.

On October 19, 2023, Burney filed a motion to amend to raise yet another ground for relief. He claims counsel was ineffective for "failing to object to the raised errors" contained in his original motion. (Civ. Doc. 12 at 1) He explains that "the indictment laid out the elements of an offense that never occurred" and that counsel "was reasonably expected to read the charging document, juxtapose the charging document to the relevant statute and advise [his] client of what can and can't be used to increase [his] client's sentencing exposure." (*Id.*)

10

The United States responds that Burney's motion to amend should be denied because the new claim does not relate back to a claim in the original § 2255 motion. (Civ. Doc. 20) And, even if the proposed claim related back to the original § 2255 motion, the relation-back doctrine is inapplicable because the original motion was untimely.

"When a prisoner amends his section 2255 motion after the expiration of AEDPA's one-year limitation period, claims in the amended motion are time-barred, unless the claim 'relates back' to a claim in the original, timely-filed motion." *Chin v. United States*, 853 F. App'x 640, 644 (11th Cir. 2021) (citing *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)). "Under Rule 15(c), an amended pleading 'relates back' to the original pleading if the amended claim 'arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(B)).

"Congress intended Rule 15(c) to be used for a relatively narrow purpose." *Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001). To determine whether a claim relates back in the context of a petition for post-conviction relief, the district court considers whether, *Chin*, 853 F. App'x at 644:

> "the existence of a common 'core of operative facts' united the original and newly asserted claims." *Mayle* [*v. Felix*, 545 U.S. 644, 659 (2005))]. Habeas petitions are subject to a more demanding pleading standard than ordinary civil complaints; the Supreme Court has cautioned against applying Rule 15(c)'s "conduct, transaction, or occurrence" language at too high a level of generality. *See id.* at 661, 125 S.Ct. 2562; 655–56 (noting that petitioners seeking post-conviction relief must "specify all the grounds for relief

11

> available" and "state the facts supporting each ground"; "each separate congeries of facts supporting the grounds for relief . . . would delineate an "occurrence."
>
> An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650, 125 S.Ct. 2562. That an amended claim arises from the same trial and conviction is not enough to satisfy the "relate back" standard. *Id*.; *Davenport*, 217 F.3d at 1344.

Burney's original § 2255 motion asserts one claim: that the United States committed prosecutorial misconduct by constructively amending Count Fourteen of the Third Superseding Indictment to charge him with attempted Hobbs Act robbery instead of a completed Hobbs Act robbery. In his amended memorandum of law (Civ. Doc. 8), Burney proposes two claims that challenge his § 924(c) convictions in Counts Nine and Fifteen. In his motion to amend (Civ. Doc. 12), he proposes one claim of ineffective assistance of counsel—that counsel failed to challenge the constructive amendment to Count Fourteen.

Burney's proposed claims "are too far removed from his original claim[] to 'relate back.'" *See Pruitt*, 274 F.3d at 1319. His original motion challenges one of his Hobbs Act robbery convictions (Count Fourteen), while his amended memorandum challenges his § 924(c) convictions (Counts Nine and Fifteen) and his motion to amend alleges ineffective assistance of counsel. The proposed claims assert "new ground[s] for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650; *see also Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002) ("While Rule 15(c) contemplates that parties may correct

12

technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment."). His proposed claims do not relate back to his original § 2255 motion and are therefore untimely. *See Pruitt*, 274 F. 3d at 1319 (concluding that the petitioner's proposed claims of ineffective assistance and prosecutorial misconduct were "so far removed from his original claims [of sentencing errors] that allowing them would effectively require the government to prepare its case a second time").

Moreover, even if Burney's proposed claims arose out of the conduct, transaction, or occurrence set out in his original claim, the relation-back doctrine applies only to original motions that were timely filed. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("'Relation back' causes an otherwise untimely claim to be considered by treating it as if it had been filed when the timely claims were filed.") As explained above, Burney's original § 2255 motion was untimely under § 2255(f)(1) because it was filed approximately 15 months after his one-year limitations period expired. And, Burney failed to demonstrate he exercised due diligence or that extraordinary circumstances warranted equitable tolling of the limitations period.

### III.  Conclusion

Burney's motion under 28 U.S.C. § 2255 (Civ. Doc. 1) is **DISMISSED as time-barred**. And, Burney's motion to amend (Civ. Doc. 12) is **DENIED**. The Clerk is directed to terminate any pending motions, close this case, and enter a copy of this

13

order in the criminal action. The Clerk is also directed to terminate the motion at docket entry 596 in the criminal action.

Burney is not entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Burney fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 27, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Pro Se Petitioner
Counsel of Record